IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER M. COLEMAN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN FEDERATION OF** | : | **NO. 16-1347** |
| **GOVERNMENT EMPLOYEES** | : | |
| **AFL-CIO (AFGE), et al.** | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                         **APRIL 4, 2016**

      Plaintiff Christopher Coleman ("Coleman") sues the American Federation of Government Employees (AFGE), the AFL-CIO, Gregory G. Watts ("Watts"), and Patrick Depoy ("Depoy") for allegedly failing to fairly represent him in connection with his termination from employment with the federal Transportation Security Administration (TSA). Coleman seeks leave to proceed *in forma pauperis*. The Court grants Coleman leave to proceed *in forma pauperis* but dismisses his complaint.

      **I.**    **FACTS AND PROCEDURAL HISTORY**

      The TSA fired Coleman because he missed work due to major depressive disorder (MDD), a condition Coleman denies having. As a member of the AFGE, Coleman was represented by the union and its attorneys, Watts and Depoy.

      Coleman challenges the representation he received from the union between August 5, 2013 and December 6, 2013. He contends that Watts failed to: request an extension to gather and review allegedly crucial evidence; challenge the TSA's position that Coleman suffers from MDD; work with Coleman's doctor; submit certain evidence on Coleman's behalf; and compel the TSA to provide certain information. ( Compl. ¶ 3b ) Coleman also alleges that Watts told

1

him, incorrectly, that he could not appeal a (presumably adverse) decision issued by the Office of Professional Responsibility Appellate Board (OPRAB). ( *Id.* ) Coleman contends that Depoy is a subordinate of Watts who may have assisted with Coleman's defense.

Coleman alleges that the defendants breached their duty of fair representation by failing to zealously represent him and by handling his case in "an arbitrary and adverse fashion." ( *Id.* ) He seeks $250,000 for back pay, raises, bonuses that he would have earned if he were still employed by the TSA, and punitive damages.[1]

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), however, require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[1] This is one of several cases that plaintiff has filed stemming from his termination of employment. *See* E.D. Pa. Civ. A. Nos. 14-5505, 15-857, 15-5384, 15-5385 & 16-1348. He filed an earlier civil action against the same defendants on September 29, 2015. *See Coleman v. Am. Fed. of Gov't Employees AFL-CIO*, E.D. Pa. Civ. A. No. 15-5384. Coleman was given leave to file an amended complaint in that case and subsequently granted an extension of time to do so. He failed to submit an amended complaint before the December 16, 2015 deadline, instead filing this new civil action approximately three months later.

### III. DISCUSSION

"[F]ederal employees do not enjoy a private right of action against their union for breach of its statutory duty of fair representation." *Francis v. Joint Force Headquarters*, 240 F. App'x 534, 537 (3d Cir. 2007) (per curiam) (citing *Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 529 (1989)).  "Nor may such claims be brought against attorneys or union officials who implemented the union's course of action." *Id.* (citing *Montplaisir v. Leighton*, 875 F.2d 1, 3 (1st Cir. 1989)).  Coleman's claims are legally baseless and his complaint is accordingly dismissed.

Coleman will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.

BY THE COURT:

/s/ Gerald J. Pappert
**GERALD J. PAPPERT, J.**